**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**JOHN F. PIWOWARSKI,**

    Plaintiff,

v.                                            **CIVIL ACTION NO. 3:08-CV-66**
                                                  **(BAILEY)**

**JEFFERSON COUNTY, WV,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Order dated June 13, 2008 [Doc. 6], this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on July 3, 2008 [Doc. 12]. In that filing, the magistrate judge recommended that this Court deny the application to proceed without prepayment of fees [Docs. 2 & 9].

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v.**

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due within ten (10) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket indicates that the petitioner accepted service of the R & R on July 7, 2008. *See* Doc. 13. Petitioner timely filed objections on July 9, 2008. *See* Doc. 14. Accordingly, this Court will conduct a *de novo* review of those portions to which the petitioner objected. This Court will review the remaining portions of the report and recommendation for clear error.

On March 27, 2008, the *pro se* plaintiff, John F. Piwowarski, filed a complaint with the Court and an Application for Leave to proceed in forma pauperis. Because this District has adopted a new IFP form, the Clerk was directed to send the plaintiff the new form, and the plaintiff was directed to complete and return the same. On July 2, 2008, the plaintiff filed the new form along with an attachment from the State of West Virginia Department of Health and Human Services, which contains additional information with respect to his income.

The combined information provided by the plaintiff establishes that he receives gross monthly income of $1072.02 from Social Security and a pension. In addition, he has a checking account with approximately $500.00. Plaintiff owns a 1987 Toyota Van with a net value of $1328.00. Therefore, the undersigned finds the plaintiff can afford the $350.00 filing fee. Accordingly, the plaintiff's request to proceed without prepayment of fees should be denied, and the plaintiff should be ordered to pay the full filing fee.

In the plaintiff's objections, he claims his monthly Social Security benefits have been reduced to $836.00. The plaintiff neglects to mention the additional monthly $144.62 he receives from his West Virginia pension, which provides for a combined monthly total of

$980.62. This figure also reflects a $96.40 deduction for medical insurance premiums. Based upon this information, the Court is not persuaded that the plaintiff's financial situation has changed substantially.

Upon careful review of the report and recommendation, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation **[Doc. 12]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court hereby **DENIES** the motion for leave to proceed in forma pauperis **[Docs. 2 & 9]**. As such, the plaintiff's Objections **[Doc. 14]** are **OVERRULED**. Accordingly, the Court cautions the plaintiff that failure to pay the full filing fee within thirty (30) days will result in the dismissal of his Complaint.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** September 3, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE